## Hauck, Appellant, v. Mumma.

*Contract—Breach—Case for jury.*

In an action to recover the price of a heating plant, the case is for the jury and a judgment on a verdict for plaintiff will be sustained where the evidence justifies a finding that from the first the plant entirely failed to perform what it was warranted and designed to do, and that complaints of its defects by the defendant and his refusals to pay for it were constantly met by further assurances of the plaintiff that the plant would be made satisfactory, and that the defendant would not be required to pay until it was made to do so.

Argued March 11, 1918. Appeal, No. 16, March T., 1918, by plaintiff, from judgment of C. P. Cumberland Co., May T., 1916, No. 49, on verdict for plaintiff in case of Samuel F. Hauck, trading as Hauck Bros., v. David N. Mumma. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit to recover the price of a heating plant. Before GILLAN, P. J.; specially presiding.

Verdict and judgment for plaintiff for $19.41. Plaintiff appealed.

*Error assigned,* amongst others, was in overruling plaintiff's motion for judgment n. o. v.

*E. M. Biddle, Jr.,* with him *Harry M. Zug,* for appellant.

*H. H. Mercer,* for appellee.

OPINION BY HEAD, J., October 12, 1918:

The record presents a case peculiarly for determination by a jury. The contract was entirely oral. The subject-matter of it was the installation of a heating plant in the house of the defendant which should be adequate to comfortably warm the house and be satisfactory to the defendant. There was plenty of evidence to warrant a finding that from the first the plant entirely failed to perform what it was designed to do and that complaints of its defects by the defendant and his refusals to pay for it were constantly met by further assurances of the plaintiff that the plant would be made satisfactory and the defendant would not be required to pay until it was made so.

Under such conditions no court could have declared, as a matter of law, that defendant was estopped to set up breach of the warranty and a lack of consideration for an implied promise to pay by the fact that he had not taken out the heating plant and returned or offered to return it to the plaintiff.

The question was properly and fairly submitted to the jury by the learned trial judge under instructions that appear to us to exhibit no reversible error. We decline therefore to interfere with the judgment entered on the verdict by the jury. The assignments of error are overruled.

Judgment affirmed.